UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|   |   |
|---|---|
| BETTY WARREN,           )<br>                         )<br>        Plaintiff,   )<br>                         )<br>    v.                   )<br>                         )<br> SOLO CUP COMPANY,       )<br>                         )<br>        Defendant.       )<br>                         ) | Case No. 04-2270 |

**OPINION**

On September 19, 2006, Defendant Solo Cup Company filed a Bill of Costs (#44) seeking costs of depositions and costs of photocopying. On October 3, 2006, Plaintiff filed an Objection to Defendant's Bill of Costs (#49), arguing the costs should be denied because Defendant failed to file supporting documentation in support of its Bill of Costs. Rule 54(d) of the Federal Rules of Civil Procedure provides, in relevant part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d); Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 944 (7th Cir. 1997). The Seventh Circuit has consistently interpreted Rule 54(d) as providing a strong presumption that the prevailing party will recover costs, with the ultimate decision resting within the discretion of the district court. Weeks, 126 F.3d at 945. However, district courts have broad discretion in deciding whether and to what extent costs may be awarded to the prevailing party. Weeks, 126 F.3d at 945.

Allowable costs in most cases are limited to the categories listed in 28 U.S.C. § 1920. EEOC

v. Wal-Mart Stores, Inc., 2000 WL 1162029, at *2 (S.D. Ill. 2000), citing Collins v. Gorman, 96 F.3d 1057, 1058 (7th Cir. 1996).  The Seventh Circuit has interpreted this statute to include deposition costs and copying costs.  Cengr v. Fusibond Piping Sys., Inc., 135 F.3d 445, 454 (7th Cir. 1998).  However, to award these costs under Rule 54(d), the district court must determine that the costs are reasonable and were necessary to the litigation.  See Cengr, 135 F.3d at 454; Engate, Inc. V. Esquire Deposition Servs., LLC, 2006 WL 695650, at *3-4 (N.D. Ill. 2006).  This determination cannot be made without adequate supporting documentation.  See Barnett v. City of Chicago, 1999 WL 138813, at *9 (N.D. Ill. 1999).  In fact, Rule 54.1 of the Local Rules of the Central District of Illinois specifically provides that a bill of costs should include "supporting documentation."

In this case, Defendant has not provided sufficient documentation in support of any of the costs sought.  Therefore, this court is unable to make the necessary finding that the costs incurred were reasonable.  Barnett, 1999 WL 138813, at *9 ("[w]ithout any documentation it is impossible for the opposing party to make specific objections as well as for a court to determine the reasonableness of fees").  Moreover, Defendant has only provided a general explanation as to why the costs incurred in this litigation were necessary.  This kind of conclusory explanation is insufficient.  See Engate, 2006 WL 695650, at *3.

Because Defendant failed to comply with Local Rule 54.1 and did not submit sufficient supporting documentation in support of its request for costs, this court concludes that Defendant's Bill of Costs (#44) must be DENIED.

ENTERED this 6th day of October, 2006

s/ Michael P. McCuskey
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE